

ORIGINAL

HSD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta
MAY 17 2022
Kevin P. Weimer, Clerk
By: Deputy Clerk

UNITED STATES OF AMERICA

*v.*

FELIKS MEDVEDEV

Criminal Indictment

No. 1:22-CR184

**UNDER SEAL**

**HIGHLY SENSITIVE DOCUMENT**

THE GRAND JURY CHARGES THAT:

**Count One**
**Conducting an Unlicensed Money Transmitting Business**

1. Money transmitting businesses are required by federal law to register with the Secretary of the Treasury of the United States unless specifically exempted by law.

2. In the large majority of States, including the State of Georgia, a money transmitting license is required to conduct such a business. Operating a money transmitting business without a license is a crime under Georgia law, O.C.G.A. §§ 7-1-680 and 7-1-681. Operating a money transmitting business without a license in a State requiring such a license is punishable as a felony under Title 18, United States Code, Section 1960.

3. As used, a "money transmitting business" is an individual or entity engaged in check cashing, currency exchange, money transmitting or remittance services, or an informal money transfer system.

4. The term "money transmitting" includes, among other things, transferring funds through an electronic funds transfer network involving a financial institution in the Federal Reserve system of the United States.

5. As used, an "unlicensed money transmitting business" means a money transmitting business that affects interstate commerce and foreign commerce in any manner and degree and fails to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under that section.

6. The defendant, FELIKS MEDVEDEV, was the registered agent for eight companies that were registered with the Georgia Secretary of State as follows:

| Date Registered | Company | Principle Office Address | Registered Business Purpose |
|---|---|---|---|
| 7/16/19 | Dashingstar Pte Ltd | 11 Buford Village Way, Ste 123, Buford, GA | Any legal purpose |
| 7/16/19 | KSK International Inc | 11 Buford Village Way, Ste 123, Buford, GA | Professional equipment |
| 9/26/19 | ASR-ASIA Co. Limited | 11 Buford Village Way, Ste 123, Buford, GA | Coal/mineral wholesaler |
| 11/11/19 | Mablestine Incorporated | 11 Buford Village Way, Ste 123, Buford, GA | Nondurable Goods wholesaler |
| 11/18/19 | Elnox Trading Pte Ltd | 11 Buford Village Way, Ste 123, Buford, GA | Electronic Shopping |
| 11/29/19 | Albequipment Trading Pte Ltd | 11 Buford Village Way, Ste 123, Buford, GA | Computer/software wholesaler |
| 7/29/20 | Wedex Trade LLC | 11 Buford Village Way, Ste 123, Buford, GA | Electronic shopping |
| 7/29/20 | Topcompix Pte Ltd | 2700 Braselton Highway, Suite 10-362, Dacula, GA | Computer software wholesaler |

7. Defendant MEDVEDEV opened bank accounts for each of these companies and was the sole signatory on these accounts. These companies did not have any expenditures for payroll, rent, warehousing space, equipment, import/export fees, fuel, shipping costs, or other typical business expenses. They also did not have employees.

8. There were over 1,200 transfers totaling over $150 million into the bank accounts controlled by defendant MEDVEDEV for these companies. Over $150 million was then transferred out of these accounts in over 1,300 transactions.

9. Defendant Medvedev retained over $500,000 from the funds transferred into the accounts he controlled.

10. Beginning on a date unknown, but at least by in or about August 2019 and continuing until in or about February 2022, in the Northern District of Georgia and elsewhere, the defendant, FELIKS MEDVEDEV, did knowingly conduct, control, manage, supervise, direct, and own an unlicensed money transmitting business in that the defendant, FELIKS MEDVEDEV, did knowingly conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business, which transferred funds on behalf of the public by means including wire transfers to locations within the United States and to locations abroad, which affected interstate and foreign commerce, in a manner and a degree, and which (a) was operated without an appropriate money transmitting license in a State, to wit, Georgia, where such operation is punishable as a misdemeanor and a felony under State law; and (b) failed to comply with the

money transmitting business registration requirements under Title 31, United States Code, Section 5330, and regulations prescribed under such section.

All in violation of Title 18, United States Code, Section 1960.

**Count Two**
**Money Laundering Conspiracy**

11. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 1 through 9 of this Indictment as if the same were fully set forth herein.

12. From in or about August 2019, through on or about February 24, 2022, in the Northern District of Georgia and elsewhere, the defendant, FELIKS MEDVEDEV, did knowingly combine, conspire, agree and have a tacit understanding with others known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

a. to knowingly transport, transmit, and transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, conducting, controlling, managing, supervising, directing, and owning an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b. to knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, conducting, controlling, managing, supervising, directing, and owning an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960, in violation of Title 18, United States Code, Section 1957.

13. It was part of the conspiracy that defendant MEDVEDEV and others known and unknown to the Grand Jury used funds from defendant MEDVEDEV's companies' bank accounts to purchase gold bullion.

14. The purchase of gold bullion was done in two ways. First, money was transferred directly from the bank accounts to the Singapore Precious Metals Exchange. Second, money was transferred to the Scottsdale Mint, in Arizona, which then transferred money to the Singapore Precious Metals Exchange.

15. The Singapore Precious Metals Exchange is located at Le Freeport Singapore, where it has a secure facility to hold physical gold.

16. Once the Singapore Precious Metals Exchange received the funds, it credited the purchaser's trading account with gold bullion.

17. Defendant MEDVEDEV and others known and unknown to the Grand Jury also rented safe deposit boxes from Auruma Global Limited, a company that maintained secure safe deposit boxes to hold gold bullion for customers of the Singapore Precious Metals Exchange. The customers then transferred the

bullion from the Singapore Precious Metals Exchange to the safe deposit boxes at Auruma Global Limited. The gold could be stored in the safe deposit boxes, transferred to other boxes, or transferred into Singapore Precious Metals Exchange trading accounts.

18. All told, defendant MEDVEDEV's companies transmitted approximately $65 million to purchase gold bullion from the Singapore Precious Metals Exchange.

All in violation of Title 18, United States Code, Section 1956(h).

**Counts Three through Twenty-One**
**Money Laundering**
**(International Laundering of Monetary Instruments)**

19. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 1 through 9 and 13 through 18 of this Indictment as if the same were fully set forth herein.

20. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendant, FELIKS MEDVEDEV, aided and abetted by others known and unknown to the Grand Jury, did knowingly transport, transmit, and transfer and attempt to transport, transmit, and transfer and cause to be transported, transmitted, and transferred monetary instruments and funds, that is, the transactions set forth below, from a place in the United States, that is, the Northern District of Georgia and elsewhere, to and through a place outside the United States, that is, Singapore, with the intent to promote the carrying on of a

specified unlawful activity, that is, conducting, controlling, managing, supervising, directing, and owning an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960, punishable under the laws of the United States:

|  | Date | Transaction | Amount |
|---|---|---|---|
| **Count 3** | 4/3/2020 | International wire from JP MorganChase (JPMC) account No. ***8226 to United Overseas Bank Ltd. Singapore | $376,220.00 |
| **Count 4** | 5/22/2020 | International wire from JPMC account No. ***8226 to United Overseas Bank Ltd. Singapore | $954,020.00 |
| **Count 5** | 6/22/2020 | International wire from JPMC account No. ***5675 to United Overseas Bank Ltd. Singapore | $447,000.00 |
| **Count 6** | 7/28/2020 | International wire from JPMC account No. ***5675 to United Overseas Bank Ltd. Singapore | $201,925.00 |
| **Count 7** | 7/29/2020 | International wire from JPMC account No. ***5675 to United Overseas Bank Ltd. Singapore | $469,924.78 |
| **Count 8** | 8/7/2020 | International wire from JPMC account No. ***5675 to United Overseas Bank Ltd. Singapore | $500,000.00 |
| **Count 9** | 9/14/2020 | International wire from JPMC account No. ***8226 to United Overseas Bank Ltd. Singapore | $500,000.00 |
| **Count 10** | 10/9/2020 | International wire from Truist f/k/a BB&T (Truist) account No. ***0592 to United Overseas Bank Ltd. Singapore | $1,226,021.00 |
| **Count 11** | 12/4/2020 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $776,434.40 |

| | Date | Transaction | Amount |
|---|---|---|---|
| **Count 12** | 2/2/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $200,000.00 |
| **Count 13** | 3/9/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $867,971.30 |
| **Count 14** | 4/21/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $516,700.00 |
| **Count 15** | 5/26/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $776,962.00 |
| **Count 16** | 6/25/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $750,000.00 |
| **Count 17** | 7/19/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $896,994.00 |
| **Count 18** | 8/31/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $698,602.80 |
| **Count 19** | 9/30/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $500,000.00 |
| **Count 20** | 10/29/2021 | International wire from Truist account No. ***0592 to United Overseas Bank Ltd. Singapore | $559,388.72 |
| **Count 21** | 1/11/2022 | International wire from PNC account No. ***6771 to United Overseas Bank Ltd. Singapore | $227,517.30 |

All in violation of Title 18, United States Code, Section 1956(a)(2)(A) and Section 2.

**Counts Twenty-Two through Forty**
**Money Laundering**
**(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)**

21. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 1 through 9 and 13 through 18 of this Indictment as if the same were fully set forth herein.

22. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendant, FELIKS MEDVEDEV, aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the monetary transactions set forth below by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the wire transfer of funds, such property having been derived from a specified unlawful activity, that is, conducting, controlling, managing, supervising, directing, and owning an unlicensed money transmitting business in violation of Title 18, United States Code, Section 1960:

| | Date | Transaction | Amount |
|---|---|---|---|
| **Count 22** | 11/6/2020 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $699,496.88 |
| **Count 23** | 12/1/2020 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $635,906.26 |
| **Count 24** | 3/4/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $947,463.00 |

| | Date | Transaction | Amount |
|---|---|---|---|
| **Count 25** | 4/21/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $692,130.36 |
| **Count 26** | 5/20/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $682,819.09 |
| **Count 27** | 5/26/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $593,259.78 |
| **Count 28** | 6/9/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $645,619.68 |
| **Count 29** | 6/23/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $605,421.65 |
| **Count 30** | 6/30/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $708,696.72 |
| **Count 31** | 7/13/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $724,998.11 |
| **Count 32** | 7/22/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $625,795.59 |
| **Count 33** | 8/6/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $746,078.13 |
| **Count 34** | 8/24/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $678,780.80 |
| **Count 35** | 9/16/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $606,202.69 |
| **Count 36** | 9/30/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $657,269.71 |

| | Date | Transaction | Amount |
|---|---|---|---|
| **Count 37** | 10/18/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $593,838.68 |
| **Count 38** | 11/3/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $573,948.60 |
| **Count 39** | 11/19/2021 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $2,394,000.00 |
| **Count 40** | 2/25/2022 | International wire from BOK Acct. No. ***8068 to DBS Bank Ltd. (Singapore) Acct. No. ***26-01-8 | $666,828.75 |

All in violation of 18, United States Code, Section 1957 and Section 2.

**Forfeiture**

Upon conviction of one or more of the offenses alleged in Counts One through Forty of this Indictment, the defendant, FELIKS MEDVEDEV, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in said violations, and any property traceable to such property, including, but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense for which the defendant is convicted.

(b) All precious metals, including gold bullion, in trading accounts maintained at Singapore Precious Metals Exchange in Singapore held in the name of the following email accounts:

- vasilchenko.alex@outlook.com
- lebzak_a@outlook.com

- mms_ltd@outlook.com
- andreas_hideyoshi@outlook.com
- bashkatov_andrey@outlook.com
- smirnov_ags@outlook.com
- invest.mistral@gmail.com
- LukshaA@outlook.com
- quintain_invest@outlook.com
- b.ivanischenko@outlook.com
- tfservices.hk.gold@gmail.com
- ckfl.hk.gold@gmail.com
- murga_daniil@outlook.com
- sarkisoveduard1984@yahoo.com
- karpovskii_gri@outlook.com
- pavlovskyi.illia@outlook.com
- dorofeev.komtexservis@gmail.com
- abigailcorp@outlook.com
- anostalgold@yandex.ru
- kastireno@outlook.com
- akhrustaleva@confideri.info
- omgal2019@gmail.com
- aperelsioholdings@outlook.com
- onboard_limited@outlook.com
- gulyanin.m@gmail.com

- mkhailgold@gmail.com
- backline_holdings@outlook.com
- n.kazakov_52@outlook.com
- kondratenkov_n@outlook.com
- 888gold777@gmail.com
- icttrading@outlook.com
- bchain_lab@yahoo.com
- fineraSA@outlook.com
- vendoretrading@yahoo.com
- Coinfideri@yandex.ru
- rekb19@gmail.com
- RTKAlliance@outlook.com
- finron_holding@outlook
- stanco_trading@yahoo.com
- s.kazakova_76@outlook.com
- zalmunna@outlook.com
- vrborgne@gmail.com
- avadiyev_foda@outlook.com
- omerggold19@yahoo.com
- quomodo.gold@mail.ru

(c) The contents of Auruma Global Limited safe deposit box numbers 14, 49, 70, 77, 84, 91, 98, 105, 119, 126, 133, 140, 147, 154, 161, 175, 182, 189, 196,

210, 217, 224, 231, 238, 245, 252, 469, 476, 504, 511, 525, 532, 644, 665, 672, 679, 693, 700, 714, 735, 742, and 749 in Singapore.

If, any of the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

**Findings as to Forfeiture Nexus**

The Grand Jury further finds probable cause to believe that upon conviction of one or more of the offenses alleged in Counts One through Forty of this Indictment, the defendant, FELIKS MEDVEDEV, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in said violations, and any property traceable to such property, including, but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense for which the defendant is convicted.

(d) All precious metals, including gold bullion, in trading accounts maintained at Singapore Precious Metals Exchange in Singapore held in the name of the following email accounts:

- vasilchenko.alex@outlook.com
- lebzak_a@outlook.com
- mms_ltd@outlook.com
- andreas_hideyoshi@outlook.com
- bashkatov_andrey@outlook.com
- smirnov_ags@outlook.com
- invest.mistral@gmail.com
- LukshaA@outlook.com
- quintain_invest@outlook.com
- b.ivanischenko@outlook.com
- tfservices.hk.gold@gmail.com
- ckfl.hk.gold@gmail.com
- murga_daniil@outlook.com
- sarkisoveduard1984@yahoo.com
- karpovskii_gri@outlook.com
- pavlovskyi.illia@outlook.com
- dorofeev.komtexservis@gmail.com

- abigailcorp@outlook.com
- anostalgold@yandex.ru
- kastireno@outlook.com
- akhrustaleva@confideri.info
- omgal2019@gmail.com
- aperelsioholdings@outlook.com
- onboard_limited@outlook.com
- gulyanin.m@gmail.com
- mkhailgold@gmail.com
- backline_holdings@outlook.com
- n.kazakov_52@outlook.com
- kondratenkov_n@outlook.com
- 888gold777@gmail.com
- icttrading@outlook.com
- bchain_lab@yahoo.com
- fineraSA@outlook.com
- vendoretrading@yahoo.com
- Coinfideri@yandex.ru
- rekb19@gmail.com
- RTKAlliance@outlook.com
- finron_holding@outlook
- stanco_trading@yahoo.com
- s.kazakova_76@outlook.com

- zalmunna@outlook.com
- vrborgne@gmail.com
- avadiyev_foda@outlook.com
- omerggold19@yahoo.com
- quomodo.gold@mail.ru

(e) The contents of Auruma Global Limited safe deposit box numbers 14, 49, 70, 77, 84, 91, 98, 105, 119, 126, 133, 140, 147, 154, 161, 175, 182, 189, 196, 210, 217, 224, 231, 238, 245, 252, 469, 476, 504, 511, 525, 532, 644, 665, 672, 679, 693, 700, 714, 735, 742, and 749, in Singapore.

A TRUE BILL

FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

CHRISTOPHER J. HUBER
*Assistant United States Attorney*
Georgia Bar No. 545627

RADKA T. NATIONS
*Assistant United States Attorney*
Georgia Bar No. 618248

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181