IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | |
| FELIKS MEDVEDEV | 1:22-cr-00184-TWT |

## **MOTION FOR FINAL ORDER OF FORFEITURE**

COMES NOW the United States of America, pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure and moves the Court for a final order of forfeiture. In support thereof, the United States shows the following:

Defendant Feliks Medvedev pleaded guilty to Count One of the First Superseding Criminal Indictment, pursuant to a written plea agreement, in which he agreed to, among other things, forfeit certain property to the United States. On February 7, 2024, this Court entered the Consent Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the following property to the United States pursuant to 18 U.S.C. § 982(a)(1):

      a. $157,934.85 in funds seized from Synovus Bank account ending 2102 on about April 27, 2023; and

      b. $171,473.04 in funds seized from Synovus Bank account ending 0443 on or about April 28, 2023.

(Doc. 57).

Once a preliminary order of forfeiture has been entered, the United States is required to publish notice of the preliminary order of forfeiture, and of its intent

1

to dispose of the property, and "may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the" subject property "as a substitute for published notice as to those persons so notified." *See* 21 U.S.C. § 853(n)(1) and 18 U.S.C. § 982(b)(1). Unless excused, anyone, other than a defendant, claiming an interest in the property must file a petition with the Court requesting a hearing to adjudicate that interest. *See* 21 U.S.C. § 853(n)(2). Such petition must be filed "within thirty days of the final publication of notice or his receipt of notice…whichever is earlier." *Id.*

Here, the United States published notice of the preliminary order of forfeiture, and of its intent to dispose of the property, on the official government internet site forfeiture.gov for at least thirty consecutive days beginning on February 12, 2024 and ending on March 12, 2024. (Doc. 61). The United States did not provide direct written notice to any other person because it was not aware of any other person who has alleged an ownership interest in the property to whom direct written notice may have been provided.

No one has filed a petition in this criminal ancillary proceeding, and the time to do so has expired. Pursuant to 21 U.S.C. § 853(n)(7), once all third-party petitions have been disposed of or if no timely petitions have been filed, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." Accordingly, the property should be forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(c)(2) and 18 U.S.C. § 982(a)(1).

WHEREFORE, the United States respectfully requests that this Court enter a final order of forfeiture allowing the United States to dispose of the property according to law.

Respectfully submitted,

RYAN K. BUCHANAN
    *United States Attorney*
    *600 U.S. Courthouse*
    *75 Ted Turner Drive SW*
    *Atlanta, GA 30303*
    *(404) 581-6000*

/S/ NORMAN L. BARNETT
    *Assistant United States Attorney*
Georgia Bar No. 153292
norman.barnett@usdoj.gov

3